**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ATHENA O'GARRO, Individually and On Behalf of All Other Similarly Situated Individuals,

*Plaintiff,*

v.

CITY OF JERSEY CITY and STEVEN FULOP,

*Defendants.*

Civil Action No. 2:20-cv-05282-CCC-JBC

**DECLARATION OF LEE ALBERT IN SUPPORT OF PLAINTIFF'S MOTION FOR: (I) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; (II) CERTIFICATION OF THE SETTLEMENT CLASS ; AND (III) APPROVAL OF THE NOTICE OF SETTLEMENT**

Hon. Claire Cecchi

I, Lee Albert, declare as follows:

1. This declaration is based upon my personal knowledge. If called to testify, I could testify competently to the facts described in this declaration.

2. I submit this declaration in support of the Parties' Joint Motion for Preliminary Approval of the Settlement Agreement.

3. I am an attorney duly licensed to practice law in the State of New Jersey and the Commonwealth of Pennsylvania and represent Named Plaintiffs Athena O'Garro and Twyanna Caldwell in the above-captioned case.

**THE PROPOSED SETTLEMENT AGREEMENT IS FAIR AND REASONABLE**

4. Attached hereto as **Exhibit 1** is a true and correct copy of the Settlement Agreement entered by Plaintiffs and Defendants, the City of Jersey City ("the City") and Steven Fulop, in his capacity as the Mayor of Jersey City. Counsel for Plaintiffs signed the settlement agreement of April 10, 2024 and the City of Jersey signed the agreement on July 23, 2024. (hereinafter "Settlement") **Exhibit 1** and the Release (Exhibit 1A).

5. Attached hereto as **Exhibit 2** is a true and correct copy of the Resolution of the City of Jersey City authorizing the settlement of the action entitled *Athena O'Garro (Individually*

*and On Behalf of All Other Similarly Situated) v. City of Jersey City and Steven Fulop, Et Al;* Docket No. Civil Action No. 2:20-CV-052829(KM)(JBC), approved by the City of New Jersey on May 22, 2024.

6. As described more fully below, the case was settled after years or arm's length negotiations. Over the course of the over four-year litigation and settlement discussions, many issues were heavily contested, and the resulting compromises in the Agreement are based on our careful deliberations.

7. The settlement discussions have been facilitated for nearly three years by the court-appointed mediator, Sheryl M. Goski, Esq.

8. Because of the late stage of the case, the Parties had the benefit of fact and expert discovery, (including a joint all-day inspection of the City's curb ramps, which included Plaintiff's expert, dispositive motion practice, and trial preparation. This allowed Plaintiffs to fully evaluate the strengths and weaknesses of the claims and defenses.

9. Plaintiffs have been represented in this case by the law firms Tostrud Law Group, P.C, Law Office of Erik H Langeland, and Glancy Prongay & Murray LLP ("Class Counsel" or "Plaintiffs' Counsel"). Attached hereto as **Exhibits 3, 4, and 5**, respectively, are the true and correct copies of the firm resumes of Glancy Prongay & Murray ("GPM"); Tostrud Law Group, P.C. ("Tostrud"); and Erik H. Langeland, PC ("Langeland). Class Counsel have weighed the benefits of the proposed class settlement against the risks of proceeding to trial, the costs of trial and potential appeal, and the delay for the Settlement Class to obtain relief that would result from proceeding to trial even if successful. Class Counsel have discussed these factors with Named Plaintiffs.

10. Class Counsel believes Plaintiffs would likely have prevailed at trial, but there are risks inherent in any litigation and, even if successful, any relief awarded to the Settlement Class after trial (and potential appeal) would have been significantly delayed. So, in consultation with the Named Plaintiffs, we determined that obtaining the immediate relief reflected in the Agreement was the best option for the Settlement Class.

11. By settling now, upon final approval the Settlement Class will immediately begin seeing the benefits of the Agreement. The City has agreed to propose a resolution that, if passed, would allow a survey to be conducted to identify which Pedestrian Ramps[1] in Jersey City need to be fixed and also identify which locations need Pedestrian Ramps to be installed.

12. The terms of the settlement are all set out out in the Settlement and Release (Exhibits 1 and 1A), for the Court to review.

13. If the Court preliminarily approves the Agreement, Class Counsel will provide Long and Short notices to the Settlement Class in accordance with the Notices of Settlement that is attached hereto as **Exhibit 6** and/or any other notice procedures as ordered by the Court.

14. Named plaintiffs have approved the settlement. *See* **Exhibits 7 and 8** attached hereto respectively, for the Declarations of Athena O'Garro and Twyanna Caldwell.

15. If the Court grants final approval, Class Counsel is prepared to monitor the Agreement throughout the up to twenty-year Settlement Period. During this period of monitoring, Class Counsel will be able to recoup attorneys' fees, expenses, and costs subject to anannual $14,000 cap. This negotiated amount will support Class Counsel's aggressive monitoring of the City's implementation of the Agreement, to ensure the Settlement Class receives all the benefits of the Agreement.

LITIGATION AND SETTLEMENT NEGOTIATION HISTORY

16. Over the course of the litigation, the Parties conducted numerous meet-and-confers, propounded and responded to requests and document productions, and participated in several conferences with Magistrate Judge James B. Clark. A sampling of such efforts are provided below.

17. On February 22, 2021, the parties had a telephone status conference before Magistrate Judge James B. Clark.

18. On February 24, 2021, the Court ordered that Plaintiff shall provide more specificity with respect to its answers to written discovery concerning those places in the city currently known to Plaintiff that are not ADA compliant or otherwise suited to use by disabled persons, and Plaintiff shall certify such answers appropriately. The Court scheduled a telephone status conference with the parties on May 19,

[1] "Pedestrian Ramp" means any ramp, cut, or slope where a pedestrian walkway crosses a curb where pedestrians are permitted to cross a street that is, in whole or in part, owned, controlled, or maintained by or otherwise within the responsibility of the City.

2021 and ordered that, prior to the call, the Parties shall exchange settlement positions. [ECF29].

19. Starting in March 2021, Plaintiffs' Counsel retained Carl Peters, an expert in the areas of Land Use, Municipal Engineering and Code Enforcement in the State of New Jersey. Mr. Peters was retained to, and did, survey a sampling of Jersey City streets to identify ADA non-compliance with curb cuts and sidewalks.

20. On May 12, 2021, Plaintiff submitted a detailed, comprehensive settlement demand to Defendants.

21. On May 17, 2021, Plaintiff filed a letter discussing Plaintiff's discovery responses, Defendants' production of ESI, Plaintiff's intention to take a Rule 30(b)(6) deposition, and noting that Plaintiff had submitted a detailed, comprehensive settlement demand to Defendants on May 12, 2021. Plaintiff also informed that Court that Defendants informed Plaintiff on May 10, 2021 of their intent to seek permission to extend the discovery deadline currently set for July 31, 2021 and that Plaintiff did not oppose Defendants' request for a 60-day extension. [ECF30].

22. On May 17, 2021, the Court ordered the Parties to submit a joint letter outlining all remaining discovery disputes along with their respective positions by June 10, 2021. [ECF32].

23. On June 17, 2021, after exchanging multiple drafts, the Parties filed their joint letter outlining all remaining discovery disputes along with their respective positions. [ECF35].

24. On July 9, 2021, the Court issued an order appointing mediator Sheryl M. Goski and staying discovery pending further order of the Court. [ECF38].

25. On August 19, 2021, Plaintiffs' Counsel, Plaintiffs' Counsel's expert Carl Peters, Defendants' Counsel, two Jersey City employees, and Ms. Goski met in Jersey City and visited various locations where Mr. Peters identified ADA non-complaint sidewalks and curb cuts.

26. The settlement negotiations included at least twelve settlement conferences before

mediator Sheryl Goski between October 2021 and January 2023, and well as many more informal communications with her between July 2021 and August 2023.

27. On August 23, 2022, the parties had a telephone status conference before Magistrate Judge James B. Clark.

28. On January 25, 2023, the parties had a telephone status conference before Magistrate Judge James B. Clark.

29. On June 20, 2023, the parties had a telephone status conference before Magistrate Judge James B. Clark.

30. On August 10, 2023, the parties had a telephone status conference before Magistrate Judge James B. Clark.

31. On August 14, 2023, the Court issued an Order directing Defendants to present the proposed underlying substantive settlement of Plaintiff's claims to the appropriate City decisionmakers for approval prior to September 30, 2023. [ECF58].

32. On November 1, 2023, the parties had a telephone status conference before Magistrate Judge James B. Clark.

33. On March 25, 2024, the parties had a settlement conference before Magistrate Judge James B. Clark.

**ATTORNEYS' FEES AND COSTS**

34. Plaintiffs' counsel will submit a fee application for fees and expenses for approval by the Court, which the City will oppose. The Settlement Agreement provides for up to $14,000 yearly monitoring fees and expenses for a minimum of 5 years and maximum 20 years to be paid to Plaintiffs' Counsel.

35. The Parties have agreed to pay a total of $20,000 as service awards for the two Named Plaintiffs in this case.

## CLASS COUNSEL QUALIFICATIONS

36. Glancy Prongay & Murray LLP is a law firm that has concentrated in class action litigation for 35 years, with Lee Albert having been in practice since 1986. ***See*** **Exhibit 5**.

37. Tostrud Law Group is a law firm that has concentrated in class action litigation for 12 years. With attorneys Jon Tostrud and Anthony Carter having collectively more than 45 years prosecuting class actions. ***See*** **Exhibit 3.**

38. Erik H. Langeland, P.C., is a law firm that has represented clients in individual litigation and class actions, including employment, personal injury, business disputes, privacy violations, discrimination, and violations of the Americans with Disabilities Act. ***See*** **Exhibit 4.**

39. I have conferred with all other plaintiffs' counsel to confirm these statements regarding their experience are accurate.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 25, 2024, in Lafayette Hill, Pennsylvania.

_/s/ Lee Albert_________________________
Lee Albert

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2024, I caused the foregoing to be filed electronically with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties.

Respectfully submitted,

*/s/ Lee Albert*
Lee Albert