UNITED STATES DISTRICT COURT DISTRICT
OF NEW JERSEY

| | |
|---|---|
| ATHENA O'GARRO, Individually and On Behalf of All Other Similarly Situated Individuals,<br><br>*Plaintiff,*<br><br>v.<br><br>CITY OF JERSEY CITY and STEVEN FULOP,<br><br>*Defendants.* | Civil Action No. 2:20-cv-05282-CCC-JBC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR: PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; CERTIFICATION OF THE SETTLEMENT CLASS; APPROVING AND DIRECTING ISSUANCE OF SETTLEMENT NOTICE; AND SCHEDULING HEARING ON FINAL APPROVAL** |

WHEREAS, a class action is pending in this Court entitled *O'Garro v. City of Jersey City, et al* Civil Action No. 2:20-cv-05282-CCC-JBC-CCC-MAH (the "Action");

WHEREAS, Athena O'Garro and Twyanna Caldwell (collectively "Plaintiffs") have applied to the Court for an order preliminarily approving the settlement of this Class Action in accord with the settlement agreement (the "Settlement"), which sets forth the terms and conditions of a proposed settlement between Plaintiffs and the Defendants City of Jersey City and Steven Fulop ("Defendants" or "the City") (collectively the "Parties");

WHEREAS the Plaintiffs have made a Motion request that the Court (a) certify the Settlement Class and appoint Named Plaintiffs as Class Representatives and Class Counsel as Lead Counsel; (b) grant preliminary approval of the Settlement; (c) approve the proposed Notice of Settlement; (d) approve the plan for providing notice to the class; and schedule a Fairness Hearing after the preliminary approval has been granted;

NOW THEREFORE IT IS HEREBY ORDERED:

1

1. **<u>Class Certification for Settlement Purposes</u>**

Pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all Individuals with a Qualified Mobility Disability under the Americans for Disability Act ("ADA") and have at any time used, or will seek to use in the future any ramps where a pedestrian walkway crosses a curb in Jersey City, (including, without limitation, residents of and visitors to the City).

The Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure are met by the Settlement Class: (a) joinder of all Settlement Class members in a single proceeding would be impracticable, if not impossible, because of their numbers; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class that they seek to represent for purposes of settlement; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) Plaintiffs and the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving the sort of practices alleged in the Complaint; and (f) the City is alleged to have acted or refused to act on grounds that apply to the Settlement Class, so that final declaratory and injunctive relief is appropriate to the Settlement Class.

The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs Athena O'Garro and Twyanna Caldwell, are adequate class representatives and certifies them as the Class Representatives for the Settlement Class.  The Court also appoints Tostrud Law Group, P.C., Erik H Langeland, P.C., and Glancy Prongay & Murray LLP as Class Counsel for the Settlement Class, pursuant to Rule 23(g)

of the Federal Rules of Civil Procedure.

### 2. **Preliminary Approval of Settlement**

The Court hereby preliminarily approves the Settlement, as embodied in the Final Settlement Agreement, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

The proposed settlement agreement satisfies the relevant factors outlined in Federal Rule of Civil Procedure 23(e)(2) and this Circuit's traditional *Girsh* factors for approval of a class settlement. *See Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975). As it is likely the Court will approve the Agreement under Rule 23(e)(2), preliminary approval is warranted. Fed. R. Civ. P. 23(e)(1)(B).

Class Counsel performed extensive work investigating the claims in this action; and, together with the Plaintiffs, have continued to work diligently to litigate the case, and including through extensive discovery. Plaintiffs have adequately represented the Settlement Class. The Plaintiffs have been residents of Jersey City who are deeply committed to improving access for themselves and others with disabilities in the City.

The Agreement was negotiated at arm's length over the course of more than two and one half years. The Parties engaged in multiple rounds of settlement negotiations with the assistance of a highly experienced Mediator Sheryl M. Goski, Esq. Accordingly, the Rule 23(e)(2)(B) analysis supports preliminary approval and the third *Girsh* factor is satisfied.

The relief in the Agreement is substantial and will be quickly implemented.

This will ensure that Settlement Class members begin experiencing the benefits of this commitment very soon. The Agreement meets the majority of the Third Circuit's traditional *Girsh* factors to the extent that those factors are relevant. The second factor is also likely to be satisfied

based on the declarations submitted by Plaintiffs in support of the Parties' Motion for Preliminary Approval.

Thus, when considered together, the Court finds that the relevant *Girsh* and Rule 23(e)(2) factors support preliminary approval of the Agreement.

3. **Approval of Notice**

   a. The Court (a) approves, as to form and content, the Notice attached to the Decl. of Lee Albert, as Exhibit 6.  The Court finds that the distribution of the Notice of Settlement in the manner and form set forth in the Agreement meets the requirements of due process and Federal Rules of Civil Procedure 23(c)(2) and 23(e) and is the best notice practicable under the circumstances. The Notice of Settlement apprises Settlement Class members in a fair and neutral way of the existence of the Agreement and their rights with respect to the Agreement.

   b. The Notice of Settlement shall be disseminated to the Settlement Class, substantially in the forms attached as Exhibit 6 to the Albert Decl. The short form notice shall be provided by the City by publishing a hyperlink to the same, on its website and a short form in a newspaper along with instructions on when and how to object to the settlement, after preliminary approval by the Court.

   c. Within twenty (20) days after the District Court has issued the Preliminary Approval Order, the City shall cause a copy of the long form Notice of Settlement (to be drafted jointly in English and Spanish) to be posted and remain posted on the City's official website (www.jerseycitynj.gov), in an appropriate electronic format directly on the

   Division of Engineering, Traffic and Transportation page for four (4) consecutive weeks or up until the deadline set by the Court for objections to the settlement.

  d. Any Settlement Class member may object to the proposed settlement agreement by either: (1) appearing at the Court's Final Approval Hearing and speaking to the Court about the objection; or (2) filing a written objection with the District Court and serving Class Counsel with a copy. All written objections should be filed or postmarked on or before October 3, 2024.

  **4. <u>Approval of Notice</u>**

  A Fairness Hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure shall be heard before the undersigned scheduled for November 20, 2024 at 2:00pm, in Courtroom 5B of the Honorable Claire C. Cecchi, United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102, to have their objection heard by the Court.

  The Parties shall file their Joint Motion for Final Approval of Settlement, including any responses to Settlement Class member objections, no later than November 6, 2024 (two (2) weeks before the Fairness Hearing). The Parties shall file their Motions for Fees and opposition to any Motions no later than November 6, 2024 (two (2) weeks before the Fairness Hearing).

| | |
|---|---|
| It Is So ORDERED | By the Court: |
| Dated: August 15, 2024 | */s/ Claire C. Cecchi* <br> _____ <br> Honorable Claire C. Cecchi |